UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In Re: Mojo Brands Media, LLC**

**GENE T. CHAMBERS,**

      **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No: 6:17-mc-36-Orl-41

**PERKINS COIE, LLP and NIXON PEABODY, LLP,**

      **Defendants.**
_____/

**In Re: Mojo Brands Media, LLC**

**GENE T. CHAMBERS,**

      **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No: 6:17-mc-37-Orl-41

**PERKINS COIE, LLP and NIXON PEABODY, LLP,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant Nixon Peabody, LLP's Motion to Withdraw the Reference ("Motion," Doc. 1). Plaintiff has not responded, and the time to do so has now passed. For the reasons stated herein, the Motion will be granted in part and denied in part.

**I.　BACKGROUND**

On May 1, 2015, Mojo Brands Media, LLC ("Mojo") filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida. (Compl., Doc. 5-2, ¶ 2). On April 28, 2017, Plaintiff, as Mojo's trustee, filed a Complaint for damages against Defendants,

alleging legal malpractice, breach of fiduciary duty, and aiding and abetting the breach of fiduciary duty. (*See generally id.*). In response, Defendants each filed a motion to dismiss the Complaint. (*See generally* Doc. Nos. 5-3, 5-6). Now, Nixon Peabody seeks an order withdrawing the reference from the bankruptcy court so that this Court can exercise original jurisdiction over the legal malpractice action.[1]

## II. LEGAL STANDARD

The standard for permissive withdrawal is stated in 28 U.S.C. § 157(d): "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[2] Congress has not defined the "cause" required for permissive withdrawal, but the Eleventh Circuit has specified that cause "is not an empty requirement." *Parklane Hosiery Co. v. Parklane/Atlanta Venture (In re Parklane/Atlanta Joint Venture)*, 927 F.2d 532, 536 (11th Cir. 1991). "[I]n determining whether cause exist[s] to [withdraw the reference,] a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000) (quotation omitted). Additional factors to consider include "(1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269, 274 (M.D. Fla. 2002). "Permissive withdrawal is within the discretion of the district court, and the burden of establishing cause for permissive withdrawal is on the movant...." *Scharrer v. Troutman*

---

[1] In a separate case now consolidated with the present case, Defendant Perkins Coie, LLP filed two motions to withdraw the reference nearly identical to the Motion filed by Nixon Peabody. *See Chambers v. Perkins Coie, LLP (In re Mojo Brands Media, LLC)*, No. 6:17-mc-37-Orl-41 (M.D. Fla. 2017), (Doc. Nos. 3, 4). Because the motions raise similar arguments, the Court will only make reference to Nixon Peabody's Motion.

[2] Nixon Peabody concedes, and Plaintiff does not oppose, that the mandatory withdrawal provision of § 157(d) is inapplicable in this case.

*Sanders, LLP* (*In re Fundamental Long Term Care, Inc.*), No. 8:14-cv-01800-EAK, 2014 WL 4452711, at *1 (M.D. Fla. Sept. 9, 2014) (citation omitted).

### III. ANALYSIS

Nixon Peabody argues that the Motion should be granted because the abovementioned factors weigh in favor of withdrawing the reference from the bankruptcy court. Those factors will be addressed in turn.

#### A. Core or Non-Core Status of the Proceedings

"Whether a matter is core or non-core is a determination that should first be made by the Bankruptcy Court." *Scharrer v. Quintairos, Prieto, Wood & Boyer, P.A.* (*In re Fundamental Long Term Care, Inc.*), No. 8:14-cv-1377-T-17, 2014 WL 2882522, at *2 (M.D. Fla. June 25, 2014); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."). Here, the bankruptcy court entered an order granting the parties' joint stipulation that "[t]he claims asserted against Nixon Peabody are non-core claims" and that "the claims asserted against Perkins Coie . . . shall be treated in the same manner as non-core claims." (Aug. 15, 2017 Order, Doc. 5-10, ¶¶ 1–2). While such a determination weighs in favor of transferring the matter to the district court, the Court must also consider the parties' arguments regarding the remaining factors.

#### B. Efficient Use of Judicial Resources

Nixon Peabody asserts that withdrawing the reference now promotes the efficient use of economic and judicial resources and will prevent delay. Essentially, Nixon Peabody's argument is that adjudication of the matter by the district court would be more efficient because all orders by the bankruptcy court would be subject to *de novo* review by the district court, and therefore, this Court should bypass the bankruptcy court entirely. "If accepted, this kind of reductionist reasoning would result in the reference always being withdrawn from the Bankruptcy Court in the name of

efficiency because of the omnipresent possibility of appeal." *Tate v. Citimortgage, Inc. (In re Tate)*, No. 09-0039-WS-M, 2010 WL 320488, at *10 (S.D. Ala. Jan. 19, 2010) (emphasis omitted). "Without more, this argument carries little, if any, weight in favor of withdrawal." *Eide v. Haas (In re H & W Motor Express Co.)*, 343 B.R. 208, 215 (N.D. Iowa 2006).

### C. Jury Demand

Nixon Peabody argues that Plaintiff's demand for a jury trial necessitates the withdrawal of the reference from the bankruptcy court. Jury trials are only permitted in bankruptcy court "with the express consent of all the parties." 28 U.S.C. § 157(e). Because Plaintiff has made a jury demand and Nixon Peabody does not consent to a jury trial before the bankruptcy court, the trial would have to be conducted in the district court. While "[a] demand for a jury trial in a non-core matter in itself may provide sufficient cause to withdraw the reference[,]" "a court may wait until the case is ready to go to trial before withdrawing the reference." *In re Fundamental Long Term Care, Inc.*, 2014 WL 4452711, at *3 (quotation omitted); *see also Hvide Marine Towing, Inc. v. Kimbrell (In re Hvide Marine Towing, Inc.)*, 248 B.R. 841, 845 (M.D. Fla. 2000) (noting that bankruptcy courts are "fully equipped" to resolve pretrial matters). Accordingly, this factor weighs in favor of withdrawal but not necessarily immediately.

### D. Forum Shopping

Lastly, Nixon Peabody avers that there is no concern over forum shopping because regardless of whether its Motion is granted, the district court alone will have the ability to enter a final judgment. The Court agrees.

### IV. CONCLUSION

After consideration of all the factors, the Court concludes that Nixon Peabody has established cause for withdrawing the reference so that the district court can conduct a jury trial regarding the legal malpractice action. However, Nixon Peabody has not demonstrated that withdrawal is necessary at this time. *See Kapila v. Fid. & Deposit Co. of Md. (In re Universal*

*Health Care Grp., Inc.*), No. 8:13-bk-1520-KRM, 2017 WL 2179581, at *3 (M.D. Fla. May 17, 2017) ("Many courts have declined to withdraw reference for pretrial matters, even if they decide reference should eventually be withdrawn if the case proceeds to trial.") (collecting cases). Instead, judicial economy and uniformity in the administration of the bankruptcy case will best be served by having the bankruptcy court address all pretrial matters regarding the legal malpractice action. Therefore, Nixon Peabody's Motion will be denied.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Nixon Peabody, LLP's Motion to Withdraw the Reference (Doc. 1) is **DENIED**.
2. Perkins Coie, LLP's Amended Motion to Withdraw the Reference (Doc. 4) filed in Case No. 6:17-mc-37-Orl-41 is **DENIED**.
3. Perkin Coie, LLP's Amended Motion to Withdraw the Reference (Doc. 3) filed in Case No. 6:17-mc-37-Orl-41 is **DENIED as moot**.
4. Defendants may file a renewed motion to withdraw the reference at the conclusion of all pretrial matters, including the resolution of any dispositive motions.
5. The Clerk is directed to close this case and Case No. 6:17-mc-37-Orl-41.

**DONE** and **ORDERED** in Orlando, Florida on April 19, 2018.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record